IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BEVERLY SULLIVAN,<br><br>         Plaintiff,<br><br>    vs.<br><br>AQUA ASTON HOSPITALITY, LLC, dba ASTON KONA BY THE SEA HOTEL; AQUA-ASTON HOLDINGS, INC.; DOES 1 through 25,<br><br>         Defendants. | CIVIL NO. 22-00173 JAO-RT<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

Plaintiff Beverly Sullivan ("Plaintiff") commenced this action in the U.S. District Court for the Central District of California on November 3, 2021, asserting diversity jurisdiction as the basis for subject matter jurisdiction. Compl. ¶¶ 9–10. On April 18, 2022, the case was transferred to this district. ECF No. 20. The case was reassigned to the undersigned on June 14, 2022. ECF No. 30.

On June 16, 2022, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for lack of subject matter jurisdiction for failure to provide Defendants Aqua Aston Holdings, Inc.'s ("Aqua-Aston Holdings") and Aqua-Aston Hospitality, LLC's ("Aqua-Aston Hospitality") (collectively, "Defendants") citizenships. ECF No. 32 at 2–3. Specifically, the Court questioned

the accuracy of Plaintiff's allegations regarding Aqua Aston Holdings's citizenship because it conflicted with Aqua Aston Holdings's representations.  *Id.*  The Court also pointed out Plaintiff's failure to provide the citizenships of Aqua-Aston Hospitality's members.  *Id.* at 3.  The Court imposed a June 30, 2022 deadline for Plaintiff to respond and cautioned that failure to timely or satisfactorily do so would result in the dismissal of the case without prejudice.  *Id.* at 3–4.

Due to inadvertence, a copy of the OSC was not mailed to Plaintiff's counsel — who is not registered to use CM/ECF because he is not authorized to practice in this district and has yet to seek leave to do so — until July 1, 2022, so the Court extended Plaintiff's deadline to respond until July 15, 2022.  ECF No. 33.  In its Entering Order extending the deadline, the Court admonished Plaintiff that notwithstanding notification on April 18, 2022 regarding admission pro hac vice, her counsel had not taken any steps to do so.  *Id.*  The Court directed Plaintiff to secure local counsel and/or move to admit her current counsel pro hac vice, or proceed pro se, and cautioned that failure to comply may result in the dismissal of this action for failure to prosecute.  *Id.*

On July 6, 2022, a prior mailing to Plaintiff's counsel was returned as undeliverable.  ECF No. 34.  On July 7, 2022, the courtroom manager emailed Plaintiff's counsel, informing him to check the docket because there were pending

matters requiring his immediate attention.  To date, Plaintiff has not responded to the OSC.

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants.  *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  A corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).  By contrast, an LLC shares the citizenships of all of its owners/members.  *See id.* at 902.  If an owner/member is an LLC, its owners/members must also be identified, along with their citizenships.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Diversity jurisdiction generally "depends on the citizenship of the parties at the time suit is filed." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003). If the Court lacks subject matter jurisdiction, an action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

The Court afforded Plaintiff ample time to provide sufficient jurisdictional allegations, but she has not made any effort to rectify the deficiencies or respond. Because Plaintiff has not supplied Defendants' citizenships, which are necessary to establish diversity jurisdiction, she has not carried her burden of establishing subject matter jurisdiction. Accordingly, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, July 21, 2022.

Jill A. Otake
United States District Judge

CV 22-00173 JAO-RT, *Sullivan v. Aqua-Aston Hospitality, LLC, et al.*; ORDER DISMISSING ACTION WITHOUT PREJUDICE